FILED
SUPERIOR COURT
OF GUAM

2018 JAN 29 PM 2: 54

CLERK OF COURT

BY: _____

# IN THE SUPERIOR COURT OF GUAM

JOSEFA M.A. CRUZ nka JOSEFA M. TAYLOR,

           Plaintiff,

vs.

ALAN CODIE B. CRUZ,

           Defendant,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. DM0277-14

**FINDINGS OF FACT AND
CONCLUSIONS OF LAW**

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on October 2 and October 6, 2017 for an evidentiary hearing[1] concerning custody of the parties' minor child, A.R.C. (DOB: 10/11/2013). Plaintiff Josefa M.A. Taylor[2] ("Plaintiff" or "Mrs. Taylor") is represented by Attorney Daniel S. Somerfleck and Defendant Alan Codie B. Cruz ("Defendant" or "Mr. Cruz") is represented by Attorney Joaquin C. Arriola, Jr. Having duly considered the parties' arguments and oral testimony, evidence received by the Court, and applicable law, the Court hereby issues the following Findings of Fact and Conclusions of Law ("Findings").

---

[1] The Court held the evidentiary hearing to receive evidence concerning Plaintiff's Motion to Modify Custody, which was filed on June 8, 2017.

[2] Plaintiff was not physically present at the hearing, but appeared and provided testimony via teleconference.

**ORIGINAL**

## FINDINGS OF FACT[3]

By a preponderance of the evidence, the Court makes the following findings of fact:

A. Plaintiff and Defendant were in a marriage that produced one (1) minor child, A.R.C. (DOB: 10/11/2013). The minor child has been a resident of Guam since her birth.

B. On May 7, 2014, Plaintiff filed a Complaint for Divorce ("Complaint") asking the Court to grant the parties, *inter alia*, joint legal custody over A.R.C. with Plaintiff having primary physical custody. Thereafter, the Court ordered that a custody study be completed by the Department of Public Health and Social Services ("DPHSS").

C. The Custody Study, which was submitted to the Court on September 2, 2014, recommended that the parties share joint legal and physical custody "as they have equally demonstrated responsibility in their parental roles." (Custody Study at 20, Sep. 2, 2014.)

D. Following the release of the Custody Study, the Complaint was resolved via a Divorce and Property Settlement Agreement ("Settlement Agreement") – the terms of which were attached and fully incorporated into the Interlocutory Judgment of Divorce. (<u>See</u> Interlocutory Judgment of Divorce at Attachment (Divorce and Property Settlement Agreement), Apr. 1, 2015.)

E. The marriage between the parties was dissolved on March 30, 2015. (<u>See</u> Final Decree of Divorce, Apr.1, 2015.)

F. Pursuant to the Settlement Agreement, Plaintiff and Defendant agreed to share joint legal and physical custody of A.R.C., with the parties exchanging physical custody on an alternating weekly basis. (<u>See</u> Interlocutory Judgment of Divorce at Attachment (Divorce and Property Settlement Agreement at 2), Apr. 1, 2015.) The agreement, however, did not contemplate a custody arrangement were the parties to reside in separate jurisdictions.

---

[3] Placement of a fact under a particular section herein is not controlling; a finding of fact may state legal conclusions and a conclusion of law may include statements of fact.

G. Following the divorce, the parties shared custody on an alternating weekly basis pursuant to the Settlement Agreement.

H. In August 2016, Plaintiff began a relationship with Charles Taylor, Jr. ("Mr. Taylor"), later becoming engaged and pregnant with his child.

I. On June 8, 2017, Plaintiff filed a Motion to Modify Custody. In her motion, Plaintiff requested that she be granted permission to relocate A.R.C. from this jurisdiction so that she could join her in South Dakota where her partner resides and is employed.

J. Plaintiff and A.R.C. left Guam in June 2017, after the parties reached an agreement that allowed A.R.C. to spend six (6) weeks in the mainland United States.

K. In July 2017, Plaintiff married Mr. Taylor. The following month, she joined him in South Dakota.

L. A.R.C. returned to Guam in August 2017 with her maternal grandmother. Since her return, the parties agreed to an arrangement whereby A.R.C.'s maternal grandmother and Defendant would share custody on an alternating weekly basis pending the outcome of the Court's decision on the Motion to Modify Custody.

M. Defendant enrolled A.R.C. in the pre-kindergarten program at Mount Carmel Catholic School upon her return to Guam from the United States. She previously attended Mercy Heights since the age of two.

N. Plaintiff seeks alternating physical custody of A.R.C. every six months between Guam and South Dakota until the child reaches school age. After such time, Plaintiff seeks to have physical custody of A.R.C. during the school year with Defendant having reasonable summer visitation.

O. Defendant opposes A.R.C.'s relocation to South Dakota and requests that the child be allowed to continue and complete pre-kindergarten on Guam under his custody. Once A.R.C. reaches school age, Defendant seeks to have physical custody during the school year with Plaintiff having custody during summer and Christmas breaks.

P. Defendant is currently employed full-time with DZSP, while Plaintiff is unemployed. Plaintiff's husband, however, receives income and benefits resulting from his employment at Ellsworth Air Force Base with the United States Air Force.

Q. Both parties reside in separate residences sufficient enough to adequately accommodate the needs of A.R.C.

R. A.R.C. has numerous family relationships on Guam, including siblings, both of her maternal and paternal grandparents, and extended family members.

S. Both parties have moved on to form relationships with other individuals, each producing other children who are the half-siblings of A.R.C.

T. The partners of both Plaintiff and Defendant have formed bonds with A.R.C. and are involved with caring for her needs while she is with the respective custodial parent.

U. Both parties are fit parents with sufficient ability, time, and temperament to adequately care for the moral, physical, mental, and educational needs of A.R.C.

V. A.R.C. has a positive and loving relationship with Plaintiff and Defendant.

## CONCLUSIONS OF LAW

The court now issues the following conclusions of law on the matter:

1. When there is "at issue a dispute as to the custody of a minor child, the court may, during the minority of the child, make such order for the custody of such minor child as may seem necessary or proper." 19 G.C.A. § 8404.

2. In determining what is necessary or proper, the Court considers, first and foremost, "the best interest of the child," and also evidence relevant to various factors enumerated in 19 G.C.A. § 8404(a)(8). See Howerton v. Howerton, 2004 Guam 8 ¶ 24 (finding that the factors provide "guidance" even where the parents share custody); Lanser v. Lanser, 2003 Guam 14 ¶¶ 8, 16.

3. In considering the best interests of the child, there is a preference for joint custody. Flores v. Cruz, 1998 Guam 30 ¶ 11 ("[T]he legislature [has an] underlying policy that whenever possible, the sanctity of family life should be preserved by the inclusion of both parents in the lives of their children."). Joint custody has been clarified by the Supreme Court of Guam ("Supreme Court") as being comprised of both legal custody and physical custody. Howerton, 2004 Guam 8 ¶ 11 (citations omitted).

4. The Supreme Court defines legal custody as, "the right and obligation to make long range decisions involving education, religious training, discipline, medical care, and

other matters of major significant concerning the child's life and welfare," and physical custody as, "the right and obligation to provide a home for the child and to make the day-to-day decisions required during the time the child is actually with the parent having custody." Id. at ¶¶ 12-13 (citations omitted).

5. As noted by the Supreme Court, however, "[j]oint custody . . . does not require that each parent have equal time with the child." Lanser, 2003 Guam 14 ¶ 13; see also 19 G.C.A. § 8404(a)(8) (Equal visitation time is preferred on the condition that, *inter alia*, the "proposed visitation is not found by the court, on evidence presented, to be injurious to the welfare of the child."). Although equal time between parents is the preferred arrangement when awarding joint physical custody, "the preference for equal time is [] secondary to the best interests of the child." Howerton, 2004 Guam 8 ¶ 20.

6. Furthermore, in circumstances involving modifications of an existing child custody arrangement, there must "generally be a pervasive showing of changed circumstances affecting the child."[4] Lanser, 2003 Guam 14, n. 2 (citing In Re Marriage of Carney, 598 P.2d 36, 38 (Cal. 1979); see also Quenga v. Roberto, Case No. DM0610-13, *Decision & Order on Motion to Modify Custody* (March 30, 2006) (applying "changed circumstances" standard). The changed circumstances must be substantial such that custody will not be disturbed "unless the material facts and circumstances occurring subsequently are of a kind to render it essential or expedient for the welfare of the child that there be a change." In Re Marriage of Carney, 598 P.2d at 38.

7. Based on Mrs. Taylor's relocation to South Dakota, it is clear to the Court that changed circumstances exists warranting modification of the existing child custody arrangement, as contained in the Settlement Agreement.

---

[4] The changed circumstances rule, as adopted in Lanser, "is not a different test, devised to supplant the statutory test, but an adjunct to the best-interest test. It provides, in essence, that once it has been established that a particular custodial arrangement is in the best interests of the child, the court need not reexamine the question. Instead, it should preserve the established mode of custody unless some significant change in circumstances indicates that a different arrangement would be in the child's best interest." Montenegro v. Diaz, 27 P.3d 289, 294 (Cal. 2001).

8. In applying the standards described in 19 G.C.A. § 8404 and in Howerton, the Court finds no significant reason that would justify deviating from the general preference for joint physical and legal custody, with an equal time arrangement, while the Parties are living in the same jurisdiction. As determined by this Court, both Mrs. Taylor and Mr. Cruz are fit parents with sufficient ability, time, and temperament to adequately care for the moral, physical, mental, and educational needs of A.R.C. Furthermore, A.R.C. has a positive relationship with the parties. An equal time arrangement, while the parties are in the same jurisdiction, would allow the minor child to have a balance of educational and family time with both parents. It would also allow the child to maintain significant and important bonds with the parties and their extended families. Accordingly, the parties should be allowed an equal custodial time arrangement over A.R.C. on an alternating weekly basis while they are living in the same jurisdiction.

9. As Mrs. Taylor and Mr. Cruz reside in separate jurisdictions, the Court believes that it is in the best interest of the child for the parties to continue to share joint legal and physical custody, with Mr. Cruz having physical custody of A.R.C. during the school year, and Mrs. Taylor having physical custody of the child during the summer and Christmas breaks. See Howerton, 2004 Guam 8 ¶ 18 (stating that "substantial time, and not equal time, is all that is *required* under a joint physical custody plan" and that joint custody "requires that each parent get continuous physical custody for significant periods of time"); Lanser, 2003 Guam 14 ¶ 13 ("[j]oint custody . . . does not require that each parent have equal time with the child").

10. Although such an arrangement provides Mr. Cruz with continuous physical custody for a substantial period of time, the Court believes that a deviation from an equal time arrangement is proper as the Court does not feel that relocation is in the child's best interest. First, allowing A.R.C. to remain on Guam would be least disruptive to her education as an alternating yearly schedule would require the child to change schools every year resulting in curriculum issues and disrupting the child's ability to take advantage of various school and extracurricular activities and maintain friendships. See

Fisher v. Fisher, 535 A.2d 1163, 1166 (1988) (recognizing that "attending school in the same school system is generally in the best interests of the child, because alternating schools result in psychological and educational problems posed by different schools"); Heard v. Heard, 353 N.W.2d 157, 162 (1984) (holding that annual rotation of custody does not serve the best interests of the child absent extraordinary circumstances as it is "no different than frequent modifications of an award"). Secondly, the arrangement would provide stability and familiarity for A.R.C. as she has grown up entirely on Guam and has the benefit of being near family relatives, including her siblings, both of her maternal and paternal grandparents, and extended family members. A.R.C. is also comfortable and stable in the environment that Mr. Cruz provides and the Court believes that continued stability under his care is in her best interest. Thirdly, the Court is concerned with the frequency of A.R.C. traveling back and forth between Guam and South Dakota once she begins schooling considering her young age.

11. Finally, the Court orders that the parties continue to share joint legal custody as it has not been demonstrated that either party should be deprived of making significant decisions regarding the minor child's life and welfare. Accordingly, neither party may act unilaterally in making major decisions concerning A.R.C.'s education, religious training, discipline, medical care, and other matters of major significance concerning her life and welfare.[5]

## CONCLUSION

In accordance with these Findings of Fact and Conclusions of Law, the Court **DENIES** Mrs. Taylor's Motion to Modify Custody. Rather, in considering the best interest of the minor children, the Court **ORDERS** as follows:

a) **PHYSICAL CUSTODY**: Mrs. Taylor and Mr. Cruz shall share joint physical custody in the following manner. If the parties reside in the same geographical area, (i.e. both in

---

[5] The parties are reminded that their Settlement Agreement contains specific circumstances which require the consent of both parties when making certain decisions concerning A.R.C. This includes decisions such as whether the child should be home-schooled or should enter traditional public/private school. The Court herein makes no determination as to whether the child should be home-schooled or enter a traditional school once she reaches school age.

Guam; both within a reasonable distance in another jurisdiction) the parties shall share alternating weekly custody pursuant to the terms explained in the Settlement Agreement. If the parties reside in different geographical areas (i.e. Guam/South Dakota), A.R.C. shall spend the school year with Mr. Cruz on Guam, with summer and Christmas breaks to be spent with Mrs. Taylor beginning in the summer of 2018 in South Dakota. The parties shall divide the costs associated with transporting the minor child equally. These conditions shall also apply while A.R.C. is attending her pre-kindergarten education at her respective school within this jurisdiction. The Court believes that any sudden disruption to the current arrangement will be harmful to A.R.C.'s mental well-being and welfare;

b) Should Mrs. Taylor make temporary visits to Guam within the school year, she shall provide Mr. Cruz with at least forty-eight hours (48) notice so that the parties can arrange a reasonable custody schedule over the minor child for the duration of the temporary visit;

c) **LEGAL CUSTODY**: Mrs. Taylor and Mr. Cruz shall continue to share joint legal custody;

d) The Court enjoins the parties from making any negative or disparaging remarks about the other parent or allowing any third-party to do so in the presence of the minor child;

e) The parties are to allow for reasonable telephone and/or electronic communications between each parent and A.R.C. and neither party shall try to unreasonably restrict such communications;

f) Neither party shall discuss custody or court-related issues around the minor children unless directed to do so by the Court;

g) Neither party shall be intoxicated or under the influence of illegal substances, including marijuana, or alcohol while caretaking for the minor children;

h) A.R.C. shall not be exposed to cigarette smoking, secondhand smoke, or smoke from a vaping device while in the presence of either parent;

i)  This child custody order remains subject to modification during the minority of the children. <u>See</u> 19 G.C.A. § 8404. The Court will review, upon motion by either party, the custody arrangement imposed herein in three (3) years.

**IT IS SO ORDERED** on this 29th day of January, 2018.



_____
**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

SERVICE VIA COURT BOX

I acknowledge that a copy the
original here. was d in the
court box of:

J. Anisia

D. Somerflocks

Date: 1/29/18  Time: 3

Deputy Clerk, Superior Court of Guam